IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RICHARD FRANCHINA, | ) | |
| | ) | Civil No. 04-570-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES A. DANIELS, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

   Richard Franchina
   FCI Sheridan
   P.O. Box 5000
   Sheridan, Oregon 97378

      Petitioner, *Pro Se*

   Karin J. Immergut
   United States Attorney
   District of Oregon
   Craig J. Casey
   Assistant United States Attorney
   1000 SW Third Avenue, Suite 600
   Portland, Oregon 97204

      Attorneys for Respondent

///

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He claims that he was deprived of good-time credits during a prison disciplinary hearing in 2002 which failed to meet due process requirements. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is denied, and this case is dismissed, with prejudice.

## BACKGROUND

The evidence before the court shows that on November 8, 2002, petitioner was housed at the Taft Correctional Institution. On that morning, Officer B. Wynn attempted to give petitioner his meal, which petitioner refused. Using inappropriate language, petitioner told Winn that if she set the food tray down, he would throw it at her. Respondent's Exhibit 2 to Exhibit 5. When Officer Winn asked petitioner if he was refusing to eat, he did not answer her. Id. Officer Mendoza also witnessed this incident. Respondent's Exhibit 6.

On November 8, 2002, petitioner was charged with violating Code 203 (Threatening Another with bodily Harm) and Code 312 (Insolence Toward a Staff Member). He was advised of his rights on November 14, 2002, and appeared before the Disciplinary Hearings Officer ("DHO") on November 21, 2002 where he was found guilty of both charges. As a result, petitioner was sanctioned to a loss of

27 days of good-time credit and three months of social visitation privileges. Respondent's Exhibit 1 of Exhibit 5, p. 2.

Petitioner claims that the DHO's decision violates his right to due process because: (1) he was not given adequate notice of the charges; (2) he was not allowed to call witnesses during the hearing; and (3) the correctional officers who testified against him perjured themselves, leaving no evidence to support the DHO's decision.

## DISCUSSION

Due process in prison disciplinary hearings requires prison officials to: (1) provide advance written notice of the disciplinary violation; (2) provide a written statement by a factfinder as to the evidence relied upon and the reasons for disciplinary action; and (3) allow the charged inmate an opportunity to call witnesses and present documentary evidence in his defense when allowing him to do so "will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

In this case, the evidence before the court reveals that the incident in question occurred on November 8, 2002, at 6:40 a.m. Respondent's Exhibit 2 of Exhibit 5. Petitioner was advised of the charges against him at 2:47 p.m. on the same day. Id. On November 14, 2002, petitioner signed a document entitled "Notice of Discipline Hearing Before the Discipline Hearing Officer" which

advised him of his rights during the disciplinary process. Respondent's Exhibit 3 of Exhibit 5. Petitioner initialed that he did not wish to have a staff representative present at his hearing, nor did he wish to call any witnesses. Id. Aside from his own unsworn statements, petitioner has not introduced evidence to controvert respondent's documentation regarding the notification.

Petitioner also contends that the decision to discipline him was based on insufficient evidence because the two staff members who testified against him perjured themselves. Courts are required to uphold a disciplinary decision which revokes an inmate's good-time credit if the decision if there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Although petitioner claims that Officers Wynn and Mendoza perjured themselves, he fails to produce any evidence to support this assertion. In addition, the DHO relied not only upon the eyewitness accounts of Officers Wynn and Mendoza, but also on petitioner's own statements, including the admission that at the time of the incident "he was just in a bad mood, and was irritable." Respondent's Exhibit 2 to Exhibit 5. Accordingly, the court finds that there was sufficient evidence to support the disciplinary action taken against petitioner. As petitioner received all the process which was due, his Petition for Writ of Habeas Corpus is denied.

4 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __16th__ day of June, 2005.

                                        __/s/ Michael W. Mosman__
                                        Michael W. Mosman
                                        United States District Judge